# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-2775

_____

Trey Neal, individually and on behalf of all others similarly situated

*Plaintiff - Appellee*

v.

Navient Solutions, LLC; Navient Corporation; Navient Credit Finance
Corporation; Navient Private Loan Trust

*Defendants - Appellants*

_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City

_____

Submitted:  September 23, 2020
Filed:  October 19, 2020

_____

Before SMITH, Chief Judge, BENTON, and KOBES, Circuit Judges.

_____

KOBES, Circuit Judge.

Navient Solutions, LLC (NSL), Navient Corporation, Navient Credit Finance Corporation, and Navient Private Loan Trust (collectively, Navient) appeal from the district court's denial of their motion to compel arbitration against Trey Neal. The district court found that the relevant arbitration clause does not include Navient as a party and so Navient cannot compel arbitration. We respectfully disagree. Ohio law allows nonsignatory agents to compel arbitration under general principles of contract and agency law. Additionally, Ohio's rule of alternate estoppel prevents Neal from disavowing the arbitration clause because his claim arises out of the same contract. We reverse the district court's denial of Navient's motion and remand for further proceedings.

I.

Trey Neal received a private student loan from JP Morgan Chase Bank in 2008. Both parties signed a Promissory Note and Credit Agreement governed by Ohio law that caps the interest rate on the loan at the maximum rate allowed in Ohio. The Credit Agreement also includes an agreement to arbitrate:

> A. IF EITHER YOU OR US CHOOSES, ANY CLAIM OR DISPUTE (AS DEFINED BELOW) BETWEEN YOU AND US WILL BE DECIDED BY ARBITRATION AND NOT IN COURT AND NOT BY A JURY TRIAL . . . .
>
> Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Agreement and the arbitrability of any claim or dispute), between you and us or our employees, agents, successors or assigns, which arise out of or relate to this Agreement, your loan application, or any resulting or related transaction or relationship (including any such relationship with third parties who do not sign this Agreement) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. Any claim or dispute is to be arbitrated by a single arbitrator on

- 1 -

> an individual basis and not as a class or any other representative type of action.

D. Ct. Dkt. 59-6 at 8. The Credit Agreement defines the terms "we" and "us" as "JP Morgan Chase Bank, N.A., and its successors and assigns, and any other holder of this Agreement." *Id.* at 6.

Chase sold Neal's loan to Jamestown Funding Trust in 2017. Jamestown is related to Navient Credit Finance, an affiliate of NSL. NSL then became the servicer of the loan. Neal sued Chase and NSL in 2018 for breaching the Credit Agreement by imposing an interest rate exceeding the maximum permitted under Ohio law. Neal based his complaint on the belief that NSL purchased his student loan from Chase. After learning that Jamestown was the actual owner of the loan, Neal dismissed Chase as a defendant, but did not add Jamestown. Instead, Neal added the other Navient defendants to his suit.

Navient moved to compel arbitration and stay proceedings pursuant to the Credit Agreement's arbitration clause. Neal opposed the motion, asserting that Navient could not compel arbitration because it is not a party who may compel arbitration under the definition of "us" in the Credit Agreement.

The district court agreed with Neal and denied Navient's motion to compel arbitration. The court determined that while the *scope* of the arbitration clause includes disputes between Neal and nonsignatories, the contractual language does not allow nonsignatory agents to *compel* arbitration. The district court found that the definition of "us"—Chase "and its successors and assigns, and any other holder of this Agreement"—does not include Navient because it is an *agent* to Chase's successor and not a successor, assign, or holder of the Credit Agreement itself. The district court also concluded that Ohio's alternate estoppel doctrine does not prevent Neal from disavowing the arbitration agreement because Navient cannot compel arbitration under the clear language of the agreement. Navient timely appealed.

II.

We review a district court's denial of a motion to compel arbitration *de novo*. *Plummer v. McSweeney*, 941 F.3d 341, 344 (8th Cir. 2019). The parties agree that Ohio law applies.

A.

Navient seeks to enforce the arbitration clause against Neal as a nonsignatory agent of Jamestown. Neal contends that Navient may not enforce the arbitration clause because it is not a party to the Credit Agreement, nor is it a successor or assign of Chase, nor a holder of the agreement. To decide whether Navient may compel arbitration, we look to Ohio law governing arbitration agreements and principles of agency.

Ohio applies a presumption in favor of arbitration when the claim falls within the scope of an arbitration provision. *Williams v. Aetna Fin. Co.*, 700 N.E.2d 859, 865 (Ohio 1998). "In light of this strong presumption favoring arbitration, all doubts should be resolved in its favor." *Rivera v. Rent A Center, Inc.*, No. 101959, 2015 WL 5455882, at *2 (Ohio Ct. App. Sept. 17, 2015).[1]

Navient is a nonsignatory party to the original agreement between Neal and Chase. In Ohio, "[a]rbitration agreements apply to nonsignatories only in rare circumstances." *Miller v. Cardinal Care Mgmt., Inc.*, No. 107730, 2019 WL 3046127, at *4 (Ohio Ct. App. July 11, 2019) (quotation omitted). One such

---

[1]The parties dispute what presumption applies here. Neal contends that when there is a question as to whether a party entered into an agreement to arbitrate, there is a presumption *against* arbitration. Although Ohio law imposes a presumption against arbitration "when a party seeks to invoke arbitration *against a nonsignatory*," that is the precisely the opposite of the procedural posture here. *Taylor v. Ernst & Young, L.L.P.*, 958 N.E.2d 1203, 1210 (Ohio 2011) (emphasis added).

circumstance is when a "nonsignatory agent [enforces] an arbitration agreement between a plaintiff and the agent's principal when ordinary principles of contract and agency law require." *Rivera*, 2015 WL 5455882, at *4. "[U]nder agency principles, [] a nonsignatory agent may enforce an arbitration agreement between a plaintiff and the agent's principal when . . . the alleged misconduct arose out of the agency relationship." *Genaw v. Lieb*, No. Civ.A.20593, 2005 WL 435211, at *4 (Ohio Ct. App. Feb. 25, 2005). "[Plaintiffs] will not be allowed to circumvent their promise to arbitrate . . . by simply suing [nonsignatory parties] separately . . . ." *Manos v. Vizar*, No. 96 CA 2581-M, 1997 WL 416402, at *1 (Ohio Ct. App. July 9, 1997).

The Sixth Circuit addressed this issue in *Arnold v. Arnold Corp.-Printed Communications For Business*, 920 F.2d 1269 (6th Cir. 1990). There, the plaintiff filed suit against a corporation and the individual members of its board of directors after the plaintiff sold back his preferred and common stock, alleging fraud and violations of the Securities Exchange Act and Ohio Securities Act. *Id.* at 1271–72. The defendants moved to compel arbitration pursuant to the stock purchase agreement, which contained an arbitration provision. *Id.* at 1272. The plaintiff argued that he could not be compelled to arbitrate his claims against the individual defendants because they were not parties to the stock purchase agreement. *Id.* at 1281. Applying Ohio law, the court disagreed and determined "the language of the arbitration agreement indicates that the parties' basic intent was to provide a single arbitral forum to resolve all disputes arising under the stock purchase agreement." *Id.* at 1282. The court explained that if a plaintiff "can avoid the practical consequences of an agreement to arbitrate by naming nonsignatory parties as defendants in his complaint . . . the effect of the rule requiring arbitration would, in effect, be nullified." *Id.* at 1281.

*Arnold* and general Ohio agency law instruct us that Navient may compel arbitration here. As a nonsignatory agent,[2] Navient is bound by the terms of the original Credit Agreement. The basis for its potential liability—imposing an interest rate higher than that permitted under Ohio law—is in the Credit Agreement. That agreement includes an arbitration clause. Neal attempts to both hold Navient liable under the Credit Agreement and also "circumvent [his] promise to arbitrate" by suing Navient separately from Jamestown. Ohio law does not allow plaintiffs to exploit this situation. *Manos*, 1997 WL 416402, at *1.

Neal responds that allowing Navient to compel arbitration would rewrite the contract between Neal and Chase, and ultimately Jamestown, because he and Navient never agreed to arbitrate and the Credit Agreement clearly excludes Navient as a party who may compel arbitration. Neal relies on *Spalsbury*, where the Ohio Court of Appeals prevented a nonsignatory from compelling arbitration. *Spalsbury v. Hunter Realty, Inc.*, No. 76874, 2000 WL 1753436, at *3 (Ohio Ct. App. Nov. 30, 2000). There, a shareholder sued a corporation seeking relief under the terms of her shareholder agreement, which contained an arbitration clause. *Id.* at *1. In response, the corporation moved to compel arbitration and argued that while it was not a signatory to the shareholder agreement, it was a constructive party to the agreement because the plaintiff's claims concerned rights granted to her by the corporation itself. *Id.* The court disagreed and held that the shareholder agreement governed disputes between the shareholders, not those between a shareholder and the corporation itself. Because the corporation never entered into an arbitration agreement with the shareholders, it could not compel arbitration under the agreement. *Id.* at *2–3.

---

[2]As the servicer of the loan, Navient is an agent of Jamestown, Chase's successor. *See Illinois Controls, Inc. v. Langham*, 639 N.E.2d 771, 780 (Ohio 1994) (applying principles of the Restatement (Second) of Agency); *Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 767 (6th Cir. 1999) (noting that Ohio has adopted the Restatement (Second) of Agency).

Unlike the corporation in *Spalsbury*, Navient is a nonsignatory agent of a party bound by the Credit Agreement. The shareholder agreement in *Spalsbury* governed disputes between the shareholders, not the shareholders and the corporation. While that agreement encompassed rights granted to the shareholders by the corporation, it did not address how disputes between the corporation and shareholders concerning those rights would be handled. By contrast, the arbitration clause here is part of the Credit Agreement created by Chase and signed by Neal, and it governs a wide array of disputes arising out of the Credit Agreement. That Credit Agreement is the basis of Navient's alleged liability. Neal's reliance on *Spalsbury* is misplaced because the Credit Agreement here speaks to how disputes arising under that contract should be handled.

We reject Neal's argument that interpreting the Credit Agreement this way defies its clear language.[3] Neal does not dispute that Jamestown could compel arbitration. And, as we have explained, Ohio law allows a nonsignatory agent to compel arbitration against a signatory plaintiff when the alleged liability is based on the contractual obligations owed to the plaintiff by the principal. *Manos*, 1997 WL 416402, at *2.

B.

Navient further urges that Ohio's doctrine of alternate estoppel precludes Neal from refusing to arbitrate. The district court disagreed, concluding that alternate

---

[3]The district court applied the canon of interpretation *expressio unius est exclusion alterius* to find a contrast between the power to arbitrate provision of the arbitration clause and the scope of the arbitrable disputes provision. It determined that because agents and third parties are listed within the *scope* of arbitrable disputes but not within the provision detailing who *may compel* arbitration, Chase meant to exclude nonsignatories as parties that may compel arbitration. Both Neal and Navient agree that application of that canon was unnecessary because the language of the Credit Agreement is unambiguous. Because we believe the express language of the Credit Agreement allows Navient to compel arbitration, we do not invoke the *expressio unius* canon.

estoppel cannot be used to override clear contractual language. The district court also determined that alternate estoppel would not further Navient's interest because it merely prevents Neal from disavowing the arbitration clause, and, in its view, Navient could not compel arbitration under the Credit Agreement anyway.

Ohio courts recognize alternate estoppel where nonsignatories may compel arbitration against signatory parties due to "the close relationship between the entities involved, as well as the relationship of the alleged wrongs to the nonsignatory's obligations and duties in the contract . . . ." *I Sports v. IMG Worldwide, Inc.*, 813 N.E.2d 4, 8 (Ohio Ct. App. 2004) (noting that other federal and state courts have adopted the theory) (quotation omitted). Alternate estoppel applies when "the claims [are] intimately founded in and intertwined with the underlying contractual obligations." *Short v. Res. Title Agency Inc.*, No. 95839, 2011 WL 1203906, at *3 (Ohio Ct. App. Mar. 31, 2011) (quotations omitted). Claims are intertwined when "a signatory must rely on the terms of the written agreement in asserting claims against a nonsignatory." *I Sports*, 813 N.E.2d at 8. Alternate estoppel has limited application to scenarios where a nonsignatory tries to bind a signatory to arbitration. *Id.* at 7. "The signatory will be estopped from attempting to avoid arbitration because their claims against the nonsignatory are integrally related to the contract containing the arbitration clause." *U.S. Bank N.A. v. Wilkens*, No. 96617, 2012 WL 892898, at *10 (Ohio Ct. App. Mar. 15, 2012) (quotation omitted).

The district court relied on *Ohio Department of Administrative Services v. Design Group, Inc.*, No. 07AP-215, 2007 WL 4171131, at *4–5 (Ohio Ct. App. Nov. 27, 2007), to conclude that alternate estoppel does not apply when express contractual language precludes a nonsignatory from compelling arbitration. In that case, nonsignatory third parties who benefited from a contract containing an arbitration agreement sought to compel arbitration against a signatory. *Id.* at *1. The arbitration agreement there said: "No arbitration arising out of or relating to this Agreement shall include . . . an additional person or entity not a party to this

Agreement except by written consent . . . ." *Id.* at *2. The court held that because the arbitration provision expressly excluded nonparties, the nonsignatories could not enforce the agreement. *Id.* at *4. In addition, the nonsignatory third parties sought to compel arbitration for claims that were independent of the contract containing the arbitration agreement, so their claims were not sufficiently intertwined. *Id.*

Here, there is no express language excluding nonparties. In fact, the arbitration clause at issue clearly encompasses disputes between Neal and nonsignatory third parties. Although Neal contends that the language detailing who may compel arbitration excludes Navient by omission, the contract contains no express exclusion. Neal seeks to hold Navient liable for breaching the very same agreement that contains the arbitration clause. His claims against Navient are not just "integrally related to the contract containing the arbitration clause," they are the same. *Wilkens*, 2012 WL 892898, at *10. Because Neal "rel[ies] on the terms of the written agreement in asserting [his] claims against a nonsignatory," he is estopped from disavowing the arbitration clause. *I Sports*, 813 N.E.2d at 8.

## III.

Ohio agency law permits Navient to compel arbitration against Neal as a nonsignatory agent of the holder of the loan. Furthermore, Neal is estopped from avoiding the arbitration clause because his claims are integrally intertwined with the contract containing the agreement to arbitrate. We reverse the district court's denial of Navient's motion to compel arbitration and remand for further proceedings consistent with this opinion.

———————————————